## ALBERTINA GOLNIK
vs.
## SINCLAIR REFINING CO., ET AL.

Superior Court      Hartford County      File #50602

Present:   Hon. ALFRED C. BALDWIN, Judge.

Butler, Howard & Campbell,    Attorneys for the Plaintiff.

Martin E. Gormley,         Attorney for the Defendants.

### MEMORANDUM FILED JULY 3, 1936.

BALDWIN, J.   The defendants move to set aside this verdict because, they say it is excessive and that it is contrary to the law and the evidence.

The plaintiff moves to set it aside because she says it is inadequate in the amount of damages the jury awarded, and that it is against the evidence, undisputed, as to special damages and that the charge of the court was prejudicial to the plaintiff and was in error as to the law, and that the court failed to instruct the jury concerning damages for permanent disability.

From a rather careful reading of a transcription of the charge, I fail to discover any instruction or discussion therein that fairly may be said to be prejudicial to the plaintiff, nor do I find error or a neglect to refer to the question of general damages whether of a permanent or other character.

Clearly, in the opinion of the Court, this accident was caused by the plaintiff's driver, and evidently a substantial element of the jury felt so, since after quite some deliberation they reported a disagreement, and upon being returned, after further instructions, came to agreement upon the verdict reported.

As to special damages claimed; this plaintiff "built up" her

claim of loss of time and she incurred expense otherwise which quite apparently to the Court was not necessary, and, it may be believed, was noted by some of the jury.

The jury had the right upon the evidence offered to find for the plaintiff. The Court could not have so found, nor can it disturb this finding. The jury had the right to determine the extent of the general damages and those special damages that were reasonable. It is my opinion, having found for the plaintiff and having seen the parties and heard the claims affecting the question of both general and special damages, the jury returned a fair and adequately compensatory verdict.

The motion to set aside the verdict is denied.